FILED

1   KENNETH THOMAS PEREZ, ESTATE
2   Office of the General Executor
    General Delivery
3   In Care Of: 535 Box Canyon Road.              2016 APR 15 PM 12: 42
4   Canoga Park, California [91304-9998]           CLERK U.S. DISTRICT COURT
    Ken.Perez1951@gmail.com                        CENTRAL DIST. OF CALIF.
5                                                  LOS ANGELES
                                                   BY:_____
6   Plaintiff in Propria Persona

7

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11  Kenneth, on Behalf of Himself,      )   Case No.
                                        )   CV16 - 02604 FMO(RAOx)
12                      Plaintiff,      )
                                        )   VERIFIED COMPLAINT FOR
13      vs.                             )   PERMANENT INJUNCTION,
                                        )   CIVIL PENALTIES,
14  AFNI, EQUIFAX, TRANSUNION,          )   RESTITUTION AND OTHER
                                        )   EQUITABLE RELIEF
15                      Defendants.     )
                                        )
16  _____)

17

18

19

20

21

22

23

24

25

26

27

28

APR 1 5 2016

1  COMES NOW, Kenneth, Plaintiff, a man over the age of majority, in His right

2  mind, without waiving any rights or remedies at law or in equity, and without waiving

3  any defects or deficiencies, and here and after referred to as "Plaintiff," and for His

4  Verified Complaint against the Defendants, AFNI, ("AFNI"), EQUIFAX ("Equifax"),

5  and TRANSUNION ("Transunion") declares as follows:

6  ## I. PRELIMINARY STATEMENT

7      1.    This is an action for negligence, defamation, and violations of the Fair

8  Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of AFNI's false

9  reporting to Equifax and Transunion of an alleged delinquent debt of the Plaintiff, and

10  Equifax's and Transunion's failure to correct AFNI's false reporting on Plaintiff's

11  Equifax and Transunion credit report and out of the invasion of Plaintiff's personal

12  and financial privacy by the Defendants.

13

14  ## II. PARTIES

15      2.    Plaintiff is currently and was at all relevant times domiciled in the

16  County of Los Angeles, California.

17      3.    Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C.

18  §1681a(c).

19      4.    Defendant, AFNI, is a corporation doing business in the state of Illinois

20  with its principal place of business at: 404 Brock Drive. Bloomington, Illinois 61701.

21      5.    AFNI is a "furnisher of information" as that term is defined by the

22  FCRA, 15 U.S.C. §1681s-2(b).

23      6.    Defendant, Equifax, is a corporation organized under the laws of the

24  United States of America and is headquartered in Atlanta, Georgia.

25      7.    Equifax is a "consumer reporting agency that compiles and maintains

26  files on consumers on a nationwide basis" as that term is defined by the FCRA, 15

27  U.S.C. §1681a(o).

28

- 1 -

8.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.     Defendant, TransUnion, is a corporation organized under the laws of the United States of America and is headquartered in Chicago, Illinois.

10.     TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.     TransUnion is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

12.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Los Angeles County, California as a result of the Defendants doing business in California.

## IV. FACTUAL BACKGROUND

13.     On or around November 2015, Plaintiff became aware that Defendants were reporting negative/derogatory remarks on Plaintiff's personal credit.

14.     On or around November 2015, Plaintiff demanded debt validation/verification from Defendants.

15.     Over the course of several months, Defendants were never able to validate the alleged debt against Plaintiff.

16.     Plaintiff requested Defendants to remove the negative/derogatory remark on His personal credit after a debt validation could not be shown.

17.    On or around December 8, 2015, Defendants AFNI reported to Defendants Equifax and Transunion that the alleged debt was "verified" but not "validated".

18.    As of the date of this verified complaint, no deletion has occurred and Plaintiff continues to be harmed by the actions of Defendants.

19.    Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Equifax failed to remove the disputed item from Plaintiff's credit report. Upon information and belief, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute.

20.    Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Transunion failed to remove the disputed item from Plaintiff's credit report. Upon information and belief, Transunion did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute.

21.    Defendants actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged delinquency on the AFNI account.

## V. CLAIMS

### Negligence – AFNI

22.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23.    AFNI 's false reporting to Equifax regarding the alleged delinquent debt was negligent under applicable law. In falsely reporting the alleged debt as delinquent,

1  AFNI breached its duty to Plaintiff to report accurate information regarding Plaintiff's
2  credit history and acted with conscious disregard for Plaintiff's rights.

3      24.   AFNI 's false reporting to Equifax regarding the alleged delinquent debt
4  of the Plaintiff has caused damage to Plaintiff, including, but not limited to,
5  humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and
6  other compensatory and consequential damages. AFNI's false reporting to Equifax
7  regarding the alleged delinquent debt of the Plaintiff was willful and wanton, entitling
8  Plaintiff to punitive damages therefor.

9

10                              **Negligence – Equifax**

11      25.   Plaintiff hereby adopts and incorporates the allegations contained in
12  paragraphs 1 through 24 as if fully set forth herein.

13      26.   Equifax's failure to remove AFNI's false report of Plaintiff's alleged
14  delinquency from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to
15  Equifax of the falsity of the report, was negligent.  In failing to remove AFNI's false
16  reports of Plaintiff's alleged delinquency, Equifax breached its duty to Plaintiff to
17  thoroughly investigate any and all credit reporting disputes and to maintain accurate
18  credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's
19  rights.

20      27.   Equifax's negligent failure to remove AFNI's false reports of Plaintiff's
21  alleged debt from Plaintiff's Equifax credit report has caused damages to Plaintiff,
22  including, but not limited to, humiliation and embarrassment, a substantial decline in
23  Plaintiff's credit rating, and other compensatory and consequential damages.

24      28.   Equifax's failure to remove AFNI's false report of Plaintiff's alleged debt
25  from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity
26  of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

27

28

### Negligence – Transunion

29.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.     Transunion's failure to remove AFNI's false report of Plaintiff's alleged delinquency from Plaintiff's Transunion credit report, despite Plaintiff's lawful notices to Transunion of the falsity of the report, was negligent.  In failing to remove AFNI's false reports of Plaintiff's alleged delinquency, Transunion breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

31.     Transunion's negligent failure to remove AFNI's false reports of Plaintiff's alleged debt from Plaintiff's Transunion credit report has caused damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

Transunion's failure to remove AFNI's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Transunion of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – AFNI

32.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33.     AFNI, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, that Plaintiff was past due on the alleged AFNI account and that the AFNI account was in collection status.  AFNI 's statements were made with conscious disregard for the rights of the Plaintiff.

- 5 -

34.     AFNI's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

35.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, AFNI and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff was past due on the alleged AFNI account and that AFNI was in collection status.  In publishing such statements, Equifax acted with conscious disregard for the rights of the Plaintiff.

37.     Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Transunion

38.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39.     Transunion, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, AFNI and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff was past due on the alleged AFNI account and that AFNI was in collection status.  In publishing such statements, Transunion acted with conscious disregard for the rights of the Plaintiff.

1  Transunion's publication of false statements regarding Plaintiff's credit-worthiness
2  and Plaintiff's alleged delinquent debt amounts to defamation and defamation per se
3  of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive
4  damages therefor

5

6         **Negligent Violation of the Fair Credit Reporting Act – AFNI**

7         40.    Plaintiff hereby adopts and incorporates the allegations contained in
8  Paragraphs 1 through 39 as if fully set forth herein.

9         41.    AFNI's false reporting to Equifax of Plaintiff's alleged delinquency is a
10 violation of AFNI's duties as a furnisher of credit information pursuant to the FCRA,
11 15 U.S.C. §1681s-2(a) and (b).

12        42.    AFNI's violations of the FCRA amount to negligent non-compliance
13 with the FCRA as stated in 15 U.S.C. §1681o for which AFNI is liable to Plaintiff for
14 Plaintiff's actual damages, for statutory damages, and for Plaintiff's reasonable fees
15 associated with filing suit.

16

17        **Negligent Violation of the Fair Credit Reporting Act – Equifax**

18        43.    Plaintiff hereby adopts and incorporates the allegations contained in
19 Paragraphs 1 through 42 as if fully set forth herein.

20        44.    Equifax's repeated failure to remove the disputed item from Plaintiff's
21 credit report despite knowledge of the falsity of the disputed item is a violation of
22 Equifax's duty to ensure maximum possible accuracy of consumer reports under 15
23 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under
24 15 U.S.C. §1681i.

25        45.    Equifax's failure to evaluate or consider any of Plaintiff's information,
26 claims or evidence, and its failure to make any and/or sufficient attempts to remove
27 the disputed item from Plaintiff's credit report within a reasonable time following
28 Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding

1  investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the
2  FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C.
3  §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for
4  statutory damages, and for Plaintiff's reasonable fees associated with filing suit.

5

6  **Negligent Violation of the Fair Credit Reporting Act – Transunion**

7      46.    Plaintiff hereby adopts and incorporates the allegations contained in
8  Paragraphs 1 through 45 as if fully set forth herein.

9      47.    Transunion's repeated failure to remove the disputed item from
10 Plaintiff's credit report despite knowledge of the falsity of the disputed item is a
11 violation of Transunion's duty to ensure maximum possible accuracy of consumer
12 reports under 15 U.S.C. §1681e(b) and Transunion's duties regarding investigation of
13 disputed items under 15 U.S.C. §1681i.

14 Transunion's failure to evaluate or consider any of Plaintiff's information, claims or
15 evidence, and its failure to make any and/or sufficient attempts to remove the disputed
16 item from Plaintiff's credit report within a reasonable time following Transunion's
17 receipt of Plaintiff's dispute is a violation of Transunion's duties regarding
18 investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the
19 FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C.
20 §1681o, for which Transunion is liable to Plaintiff for Plaintiff's actual damages, for
21 statutory damages, and for Plaintiff's reasonable fees associated with filing suit

22

23  **Willful Violation of the Fair Credit Reporting Act – AFNI**

24     48.    Plaintiff hereby adopts and incorporates the allegations contained in
25 Paragraphs 1 through 47 as if fully set forth herein.

26     49.    AFNI 's false reporting to Equifax of Plaintiff's alleged delinquency,
27 despite AFNI 's knowledge of the falsity of its reporting, is a willful violation of

28

1 │ AFNI 's duties as a furnisher of credit information pursuant to the FCRA, as stated in

2 │ 15 U.S.C. §1681s-2(a) and (b).

3 │     50.    Given AFNI 's knowledge of the falsity of its reporting, AFNI 's

4 │ violations of the FCRA amount to willful non-compliance with the FCRA as stated in

5 │ 15 U.S.C. §1681n for which AFNI is liable to Plaintiff for Plaintiff's actual damages,

6 │ for statutory damages, for punitive damages, and for Plaintiff's reasonable fees

7 │ associated with filing suit.

8 │

9 │ **Willful Violation of the Fair Credit Reporting Act – Equifax**

10 │     51.    Plaintiff hereby adopts and incorporates the allegations contained in

11 │ Paragraphs 1 through 51 as if fully set forth herein.

12 │     52.    Equifax's failure to remove the disputed item from Plaintiff's credit

13 │ report despite knowledge of the falsity of the disputed item is a willful violation of

14 │ Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in

15 │ 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items

16 │ under 15 U.S.C. §1681i.

17 │     53.    Equifax's failure to evaluate or consider any of Plaintiff's information,

18 │ claims or evidence, and its failure to make any and/or sufficient attempts to remove

19 │ the disputed item within a reasonable time following Equifax's receipt of Plaintiff's

20 │ dispute is a willful violation of Equifax's duties regarding investigation of disputed

21 │ items as stated in 15 U.S.C. §1681i.

22 │     54.    Equifax's violations of the FCRA amount to willful non-compliance with

23 │ the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for

24 │ Plaintiff's actual damages, for statutory damages, for punitive damages and for

25 │ Plaintiff's reasonable fees associated with filing suit.

26 │

27 │

28 │

**Willful Violation of the Fair Credit Reporting Act – Transunion**

55.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56.     Transunion's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Transunion's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Transunion's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

57.     Transunion's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Transunion's receipt of Plaintiff's dispute is a willful violation of Transunion's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

Transunion's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Transunion is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's reasonable fees associated with filing suit.

WHEREFORE, Plaintiff, Kenneth, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential, special and punitive damages;

3.     For Plaintiff's fees and costs associated with filing suit; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

1

2  DATED:  4/7/2016                              by: */s/ Kenneth*
                                                 Plaintiff In Pro Per
3                                                General Delivery
                                                 In Care of: 535 Box Canyon Road
4                                                Canoga Park, California [91304-9998]
5                                                KENNETH THOMAS PEREZ

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**VERIFICATION**</u>

I, Kenneth, declare and state as follows:

1.      I am the Plaintiff in the above-entitled matter.  I have read the foregoing Complaint and know the content thereof, and the same is true of my own knowledge, except as to matters which are stated upon my own information and belief, which I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed on 4/7/2016 at Los Angeles, California.

by: _____
Kenneth
All Rights Reserved

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☒ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| | AFN \ |

| (b) County of Residence of First Listed Plaintiff _____ <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ <br> (IN U.S. PLAINTIFF CASES ONLY) |
|---|---|
| (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. <br> KENNETH THOMAS PEREZ, Estate <br> Office of the General Executor <br> General Delivery <br> In Care Of: 535 Box Canyon Road, Canoga Park, California [91304-9998] | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §1681 et seq. Permanent injunction, Civil penalties, Restitution and other Equitable relief for violations of the FCRA, and defamation.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | **PERSONAL PROPERTY** | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☒ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **LABOR** | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

| FOR OFFICE USE ONLY: | Case Number: | CV16-02604 |
|---|---|---|

CV-71 (02/16) CIVIL COVER SHEET Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII.  VENUE:**  Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? ☐ Yes  ☒ No  If "no," skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? ☐ Yes  ☒ No  If "no," skip to Question C.  If "yes," answer Question B.1, at right. | B.1.  Do 50% or more of the defendants who reside in the district reside in Orange Co.? check one of the boxes to the right ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO.  Continue to Question B.2. |
| | B.2.  Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.) check one of the boxes to the right ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? ☐ Yes  ☒ No  If "no," skip to Question D.  If "yes," answer Question C.1, at right. | C.1.  Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? check one of the boxes to the right ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO.  Continue to Question C.2. |
| | C.2.  Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.) check one of the boxes to the right ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1.  Is there at least one answer in Column A? ☐ Yes  ☒ No  If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E,  below, and continue from there. If "no," go to question D2 to the right. ➡ | D.2.  Is there at least one answer in Column B? ☐ Yes  ☒ No  If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E,  below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes  ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**      ☒ NO      ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**      ☒ NO      ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**      X _____      DATE:  4/7/16

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |